OPINION AND ORDER
In this appeal from the Children’s Division of the Tribal Court, we reverse the lower Court’s decision and grant Appellant’s motion to hold proceedings in open court.
On April 4, 2014, Appellant-Respondent filed in the Trial Court, a motion to hold court proceedings in open session. On June 27, 2014, the Trial Court, after hearing from all parties, issued an order denying Appellant-Respondent’s motion. The *45 Trial Court reasoned that because the Court had previously closed the Court proceedings, in April of 2013, due to the nature of the proceedings, and because that ruling was never appealed, the issue could not be revisited.
In general, the tribal code and federal rules require court proceedings be open to the public. (See LTBBRCP ch. 3 Rule XVIII sec. 8 (open court); Criminal Procedures sec. 1.203 (speedy & public trial); Fed.R.C.P. 43(a) (open court)). More specifically, the tribal code requires that child protection proceedings shall be open to the public, absent the taking of testimony from a child. Child Protection Statute WOS 5.101(B) specifically states:

B. Proceedings under this statute shall he open to the public, unless the court, on motion of a party, closes the proceedings to the public during the testimony of a child based on the nature of the proceedings, the age, maturity, and preference of the child witness. (Emphasis added).

In the instant case, there is no indication that a child ever testified. The record on appeal is devoid of any valid reason for closing the courtroom to the public. The closure of the Court to the public, “due to the nature of the proceedings”, would not, in and of itself, provide a legitimate basis for denying the public’s attendance at child protective proceedings.
This Court is mindful of other Tribal Code provisions that certainly would give the Tribal Court the authority to take necessary action, which may include removal of a member or members of the public, to ensure the Court’s security or maintain order. The Judicial Conduct Court Rules WOS 5.203(A)(4) states:

A member of the Judiciary should maintain order in the Court and should not interfere in the proceedings except where necessary to protect the rights of the parties.

When members of the public (or parties) cause disturbances in the court room, it is well within the Court’s purview to use measures that are necessary to ensure proper court room decorum and security.
CONCLUSION
In the instant case, the lower court closed the child protection proceedings to the public simply due to the “nature of the proceedings”. There were no child witnesses that testified, nor were there any courtroom disturbances. We, therefore, reverse the lower Court’s decision to close the proceedings to the public and order that the proceedings remain open to the public. The Lower Court retains, however, the ability to close the proceedings as required for child testimony and, if necessary, to maintain order.
DECIDED AND APPROVED BY A UNANIMOUS APPELLATE COURT